UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS MARTIN )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLY FINANCIAL, INC., )<br>XYZ CORP. and )<br>JOHN DOE )<br>Defendants. )<br>) | C.A. No. |

## COMPLAINT

### INTRODUCTION

On March 27, 2013 at approximately 1:15 a.m., the Plaintiff, Thomas Martin, awoke to the sound of his car being repossessed in his driveway. The repossession, which was ultimately consummated, was wrongful in several respects. Notably, the car lender, through its agent, unlawfully entered onto the plaintiff's property without his consent to seize his car, in violation of Massachusetts law. The car lender's agent also seized the car over the plaintiff's vigorous objections. The latter involved the agent pointing a loaded gun at the plaintiff, which constituted a breach of the peace. The plaintiff now sues for damages.

### PARTIES

1. Plaintiff Thomas Martin is an individual consumer residing in Phillipston, Massachusetts.

1

2. Defendant Ally Financial Inc. ("Ally") is a banking corporation organized under the laws of the State of Delaware with its headquarters located at 200 Renaissance Center P.O. Box 200 Detroit, Michigan 48265. Ally has a registered agent in Massachusetts at CT Corporation System, 155 Federal Street, Suite 700 Boston, Massachusetts 02110.

3. On information and belief, defendant XYZ Corp. ("XYZ") is a corporation and uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

4. XYZ is a debt collector as defined by 15 U.S.C. § 1691(a)(6).

5. Defendant John Doe is an individual employed by XYZ.

6. On information and belief, John Doe is engaged in a business the principal purpose of which is the enforcement of security interests.

## JURISDICTION

7. This Court has jurisdiction to address this matter pursuant to 15 U.S.C. § 1692k and 42 U.S.C. § 1983.

8. This Court has supplemental jurisdiction over the state law claims against the relevant defendants under 28 U.S.C. § 1367(a) as these claims are so related to federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTS

10. The Plaintiff had a car loan debt with Ally.

11. This debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. The debt was incurred by the plaintiff in the course of his purchase of a 2006 Dodge Charger (the "vehicle" or "car").

13. The vehicle was a consumer good.

14. The purchase of the vehicle was a consumer transaction.

15. On March 27, 2013 at approximately 1:15 a.m., XYZ on behalf of Ally, arrived at the plaintiff's residence to repossess his vehicle.

16. The Plaintiff looked out the window of his home to see a man with a large truck with flashing lights in his driveway.

17. The man in the driveway was XYZ's agent, John Doe ("Mr. Doe" or the "agent").

18. The Plaintiff could see from the inside of his home that the agent was carrying something in his hand that appeared to be a handgun.

19. In response to the threat posed by the agent, who was still unidentified to the Plaintiff at this point, the Plaintiff retrieved a pistol from its lockbox.

20. The Plaintiff is licensed to carry a firearm in the Commonwealth of Massachusetts.

21. The Plaintiff went to the first floor of his home and opened his door. At that point, he could clearly see the handgun in the agent's hand.

22. The Plaintiff exited his home and approached the agent.

23. The Plaintiff kept his handgun in his hand, by his side, and pointed towards the ground.

24. The Plaintiff never raised his handgun and pointed it at the agent.

25. The Plaintiff yelled to the agent that he was trespassing on private property and must leave.

26. The Plaintiff's wife, who has been inside the house, began walking towards her doorway to where the agent and the Plaintiff were located.

27. Before she could exit the home, the Plaintiff yelled to his wife to stay inside the house because the agent had a gun.

28. The Plaintiff shouted to his wife to call the police.

29. The agent raised his firearm and pointed it at the Plaintiff.

30. The agent yelled to the Plaintiff, "Drop your weapon or I'll shoot you," the agent's handgun now being pointed directly at the Plaintiff.

31. The Plaintiff told the agent that he should lower his weapon first.

32. The agent stated that he was there to repossess the car.

33. The agent and the Plaintiff continued to discuss the matter, with the Plaintiff insisting that the agent lower his weapon and leave the property and with the agent insisting that the Plaintiff drop his weapon to the ground.

34. The Plaintiff repeatedly demanded that the agent leave, stating that he was trespassing on private property and threatening him and his family.

35. The agent stood firm in his completely unlawful position that he had every right to be on the Plaintiff's property.

36. The agent eventually drew down his forward.

37. The agent stated that he would not leave and, furthermore, that the Plaintiff was lucky that he didn't shoot him because he had every right to shoot the Plaintiff with his gun.

38. The police arrived and unlawfully assisted and aided in the unlawful repossession by allowing the repossession agent to take the car over the Plaintiff's vigorous objections.

## CLAIMS FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

### (Against XYZ)

1. Plaintiff incorporates and realleges the foregoing paragraphs.

2. XYZ took a nonjudicial action to effect the dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

3. In doing this, XYZ violated 15 U.S.C. § 1692f (6)(A).

4. XYZ's actions caused the plaintiff actual damages.

5. Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award him statutory damages of $1,000, actual damages, declaratory relief that XYZ' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

### Count II

### Violation of the Massachusetts Consumer Protection Act

### (Against Ally)

6. Plaintiff incorporates and realleges the foregoing paragraphs.

7. Ally repossessed the plaintiff's car when there was no right to do so under applicable law, namely M.G.L. c. 255B, § 20A and M.G.L. c. 106, § 9-609.

8. Ally breached of peace by failing to stop its repossession attempt when confronted by the plaintiff's objections and by falsely invoking law enforcement authority in violation of M.G.L. c. 255B, § 20B.

9. Ally also violated M.G.L. c. 255B, § 20B by entering onto property owned or rented by the plaintiff without his prior or contemporaneous consent.

10. Ally had a non-delegable duty not to breach the peace in the course of repossession.

11. Pursuant to M.G.L. c. 255B, § 6, any violation of Chapter 255B is a per se violation of M.G.L. c. 93A.

12. Ally's unfair and/or deceptive acts in the course of trade or commerce caused the plaintiff injury.

13. The plaintiff served Ally with a demand for relief pursuant to M.G.L. c. 93A § 9. See Exhibit A.

14. Ally refused to grant relief upon the demand, and that refusal was in bad faith with knowledge or reason to know that the act or practice complained of violated M.G.L. c. 93A § 2.

15. Pursuant to M.G.L. c. 93A, § 9, the plaintiff asks the Court to award him up to three but not less than two times his actual damages, statutory damages, reasonable attorney's fees, and the costs of this action.

## Count III

## Violations of the Massachusetts Commercial Code

### (Against Ally, XYZ and John Doe)

16. Plaintiff incorporates and realleges the foregoing paragraphs.

17. The defendants repossessed the plaintiff's car when there was no present right to do so under M.G.L. c. 106, § 9-609.

18. The defendants breached the peace in the course of the repossession in violation of M.G.L. c. 106, § 9-609.

19. Ally had a non-delegable duty not to breach the peace in the course of its repossession.

20. The defendants' violations of the Massachusetts Commercial Code caused the plaintiff damages.

21. Pursuant to M.G.L. c. 106, § 9-625, the plaintiff asks the Court to award him actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price, and the costs of this action.

### Count IV

### Declaratory Judgment

### (Against Ally)

22. Plaintiff incorporates and realleges the foregoing paragraphs.

23. Ally's repossession of the plaintiff's car violated M.G.L. c. 255B, § 20B in two key ways:

   a. Ally effectuated its repossession by entering onto the plaintiff's property without his prior or contemporaneous consent; and

   b. Ally breached the peace in the course of its repossession.

24. Any violation of M.G.L. c. 255B, § 20B is an absolute bar to collection of a repossession deficiency. M.G.L. c. 255B, § 20B(e)(1).

25. The plaintiff seeks a declaration that any such deficiency is legally unenforceable due to Ally's violations of M.G.L. c. 255B, § 20B.

WHEREFORE, the plaintiff, Thomas Martin, respectfully requests that this Court:

A. Enter judgment for the plaintiff against XYZ for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against XYZ for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Award the plaintiff reasonable attorney's fees and the costs of this action against XYZ pursuant to 15 U.S.C. § 1692k(a)(3).

D. Enter judgment against the defendants for up to three but not less than two times his actual damages, statutory damages, reasonable attorney's fees, and the costs of this action, pursuant to M.G.L. c. 93A, § 9.

E. Pursuant to M.G.L. c. 106, § 9-625, enter judgment against the defendants, jointly and severally, for his actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price, and the costs of this action.

F. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 10 day of June 2013.

                      THOMAS MARTIN,
                      by his attorney,

                      */s/ Nicholas F. Ortiz*
                      Nicholas F. Ortiz (BBO#: 655135)
                      Ortiz & O'Donnell
                      29 Commonwealth Ave., Suite 700
                      Boston, MA 02116
                      Phone: (617) 716-0282
                      Fax: (617) 507-3456
                      Email: nfo@mass-legal.com